FILED
 2022 Dec-27  PM 02:09
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| Ecolab Inc., and Nalco Company, LLC, d/b/a Nalco Water, an Ecolab Company and/or Nalco Water,<br><br>    Plaintiffs,<br><br>v.<br><br>Simon Walker,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    7:22-cv-01469-LSC |

## AGREED UPON QUALIFIED COMPUTER FORENSIC EXPERT PROTOCOL

The Parties hereby agree to the following protocol to govern the imaging and inspection of computer devices and data by the parties' Qualified Expert.

The Qualified Expert will conduct searches to obtain from Defendant "Target Data," as defined below that may reside on electronic devices and Internet e-mail accounts including, but not limited to, personal computers, laptop computers, external hard drives, flash drives, smart phones, cell phones and/or other electronic storage devices or media ("Electronic Devices"). To the extent Plaintiffs seek to obtain data on Electronic Devices in the possession, custody, and control of third

parties including Defendant's former employer, ChemTreat, Plaintiffs may do so through available legal means, such as subpoenas.

For purposes of this order, "Target Data" means:

1. Electronically Stored Information ("ESI") retrieved by searches conducted by the Qualified Expert in strict compliance with this Order using a list of search terms, specifications and/or parameters, or other culling techniques agreed upon by the Parties' attorneys.

2. The initial list of search terms should be identified and produced within fourteen (14) days of entry of this Order. Thereafter, subsequent searches may be conducted.

3. While the Parties acknowledge the usefulness of search terms in the discovery process, the Parties also acknowledge that the search terms are intended to be a starting place for searches, that the list of appropriate search terms is subject to change, and that the Parties must ultimately ensure that they have conducted a diligent search in accordance with the Code of Civil Procedure. The provision of the proposed terms and custodians does not relieve Defendant of his obligation to act in good faith to identify and produce responsive items that may not be captured by the proposed searches.

4. ESI that reflects the use of any software or other utility created for the purpose of, or capable of, eliminating data such that standard digital forensic analysis cannot recover it, as well as any evidence that such software or other utility had at one time been installed on the media, and any evidence as to when such software or other utility may have been installed, used or removed; and

5. "Transactional Data," which means all data pertaining to transactions between the computer or external hard drive ("Target Media") and other media (including but not limited to flash drives, DVDs and CDs), and between the Target Media and the Internet (including but not limited to active and deleted Internet Histories), as well as all data pertaining to the accessing of any files, folders or other information processed by or stored on the Target Media.

6. The Qualified Expert will search the following non-exhaustive list of Electronic Devices for Target Data:

a) Thumb Drive and External Drive – sent via FedEx to Tyger Forensics in Chicago, IL on 11.15.22

b) IMAC (RETINA 5K, 27") serial #D25RPOHPGG7V

c) iPhone 13 model MLAX3LL/A serial # JXD44VDH6P

d) Email addresses:

        i. NALCO/Ecolab email address: sjwalker@ecolab.com Password is FUnalco66

        ii. Personal (passwords to be provided to the forensics firm):

        1. Steelbrit@hotmail.com

        2. Steelbrit66@gmail.com

        3. Steelbrit@protonmail.com.

e) iCloud Storage: he does have iCloud storage, and that password will be provided to the forensics firm.

f) Any other devices that should have been identified by Defendant in the written accounting as set forth in the Consent Order.

7. All devices should be provided by Defendant to the Qualified Expert within fourteen (14) days of the entry of this Order.

8. In order to conduct the searches, the Qualified Expert shall create a bit-stream, forensically sound image of ESI located on each of the Electronic Devices listed in paragraph 4. The Qualified Expert shall then search those images for Target Data pursuant to this order. Following the searches, the Qualified Expert shall provide a digital copy of the Target Data to each parties' counsel by producing a CD, DVD, or other digital storage media containing such Target Data and provide to counsel for both Parties, a report on the aggregate number of search hits per search

term per image; and a report of the Transactional Data associated with Defendant's computer devices that identify the model, make and serial number of the device(s) attached to the computers and the date and time when any such device(s) were attached to the computer(s).

9. Defendant Walker will identify all email addresses he used to obtain legal advice from attorneys so those documents can be reviewed for privilege. Correspondence protected by the attorney-client privilege will not be produced to Plaintiff.

10. The Qualified Expert shall perform and complete the work described in paragraph 5 with reasonable expediency, or as may be later ordered by the court.

11. The parties' counsel shall review the data provided by the Qualified Expert and within ten (10) days may designate any data or documents as "Confidential" or "Highly Confidential" as appropriate under the Protective Order entered by the Court. After that time, the actual parties may review the data in compliance with this Order and any Protective Order.

12. The Parties agree that neither Party nor their counsel shall assert, in response to a written request or a court order to produce any communications between the Qualified Expert and counsel for any Party, the existence of any privilege, including without limitation the attorney-client privilege and work-

product protection, as to any communications between the Qualified Expert and counsel for any Party. The Parties and the court shall not communicate *ex parte* with the Qualified Expert; communications with the Qualified Expert shall be by email copied to counsel for all Parties.

13. Target Data shall not be disclosed to any person other than the parties and their counsel, except in furtherance of the prosecution or defense of this lawsuit and in compliance with any confidentiality or protective orders entered by the Court.

14. The Target Data shall be subject to the Federal Rules of Civil Procedure and to any applicable privileges, including without limitation to attorney-client privilege and work-product protection. The Qualified Expert's search of Electronic Devices shall not be deemed a waiver of any legally cognizable privilege that attaches to the contents of any document or data, including without limitation, the attorney-client privilege and work-product protection. The deadlines mentioned in this paragraph can be extended by written agreement of the Parties.

15. The Qualified Expert shall retain the images, ESI and digital copies of all data pertinent to this matter until final disposition of the action, inclusive of appeals, at which point, it will destroy such data or return it pursuant to Order of the Court or agreement of the parties.

16. By signing this order, the Parties, Parties' Counsel, and the Qualified Expert agree to abide by its procedures. The Qualified Expert will sign Exhibit A to this order to signal his agreement.

17. The Parties will cooperatively "meet and confer" in good faith to resolve any disagreements objections or disputes regarding work performed under the Protocol.

18. This Order may be executed in any number of counterparts and by the different Parties hereto in separate counterparts, each of which, when so executed and delivered, shall be deemed to be an original, but all such counterparts shall together constitute one and the same. Facsimile signatures shall be deemed to be originals.

19. This order supersedes any prior verbal or written understandings between the Parties with respect to the discovery of ESI contemplated by this order. In the event a Party claims that the reports and/or documents produced pursuant to this order provide a reasonable basis for some further discovery of the Electronic Devices subject to this Order, the requesting Party shall notify the other party and the Parties shall confer. If the Parties are unable to reach an agreement regarding the necessity and/or scope of such further discovery, the requesting Party may file a motion with

the Court. The Parties agree that by signing this order, no Party waives and/or prejudices any right to relief provided by applicable law.

20. Contemporaneously with the filing of this proposed and agreed upon Protocol, the parties are filing an Agreed Upon Protective Order.

IT IS SO ORDERED, AND THE PARTIES AGREE TO ABIDE BY THE TERMS OF THIS ORDER.

**DONE** and **ORDERED** on December 27, 2022.

_____
L. Scott Coogler
United States District Judge

211211

# EXHIBIT "A"

The undersigned, Philip Blazer Catzen, hereby acknowledges that he received a copy of the Order Regarding the Expedited Discovery of Electronically Stored Information ("ESI Order") entered into in the matter of *Ecolab Inc., and Nalco Company, LLC d/b/a Nalco Water v. Simon Walker*, Case No.: 7:22-CV-01469, has read the ESI Order, agrees to be bound by all the provisions thereof, and hereby submits to the jurisdiction of the Court for the purpose of enforcement of the terms of the ESI order.

Dated: _____   _____

Philip Blazer Catzen

PO Box 16228

Baltimore, MD 21210